IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00126-CV

 

Health Discovery Corporation,

                                                                      Appellant

 v.

 

Bill G. Williams,

Shirley K. Williams,

W. Steven Walker, 

Jerry W. Petermann

and Automated Shrimp Corporation,

                                                                      Appellees

 

 

 



From the 74th District Court

McLennan County, Texas

Trial Court # 2004-1188-3

 



DISSENTING Opinion



 








            This is a case in which the Court simply
disagrees with the trial court, so it substitutes its judgment for that of the
trial court.  The Court has confused the
burden of proof at a trial on the merits and the burden of proof to prove
entitlement to a temporary injunction. 
Because the evidence of whether there was a vote on whether to issue the
stock was disputed, and/or the evidence of the fairness of the transaction was
also disputed, I cannot hold the trial court abused its discretion by denying
the temporary injunction.  We do not have
the time, the resources, the duty, or the right to micromanage the trial court
process.  I would not in this instance.

I respectfully dissent.

 

TOM GRAY

Chief Justice

 

Dissenting opinion delivered and filed August 25,
 2004






"font-family: 'CG Times', serif">      Appellant contends he was harmed by defense counsel's absence during the State's
examination of Officer Baker and Mr. Rust because he was denied the opportunity to object and
seek exclusion of allegedly inadmissible portions of their testimony from the court's consideration
in determining guilt and assessing punishment. In support of his contention, Appellant cites Rust's
testimony that Appellant was a "compulsive liar" and Baker's testimony that based on his
investigation (1) he formed the opinion Appellant forged Rust's name on the certification of title
in an effort to hide assets from his lienholders; (2) that he received calls from persons who
indicated they had been harmed by Appellant's unethical and fraudulent business dealings; and (3)
that John Hoelscher sent him documentation regarding a civil suit against Appellant. 
      In essence Appellant complains that defense counsel's absence deprived him of his
constitutional right of confrontation. Appellant, however, had knowingly and voluntarily, in open
court, waived "the appearance, confrontation, and cross-examination of witnesses." Appellant had
stipulated that on November 17, 1995, he did unlawfully and without authority sign the name of
Stephen A. Rust to an application for certificate of title."
      Baker testified that he investigated this case; that Appellant furnished him information as to
why he transferred the vehicle to Rust without Rust's knowledge or permission; that Appellant
stated the vehicle was a gift to Rust, but the title application on which Appellant signed Rust's
name stated that $500 was paid for the vehicle. Baker testified it was his opinion that Appellant
was trying to hide assets from creditors by the transaction; and that no one spoke highly of
Appellant except his girlfriend.
      Rust testified he worked as office manager for Appellant for three months; that he did not
know of a car being given to him by Appellant; that when he found that the car had been
transferred to him, he went to the police; that he did not sign the application for transfer; that he
did not pay Appellant $500; that while working for Appellant he learned Appellant was being sued
by Hoelscher; that he came to know Appellant's reputation in community; that Appellant had a
bad reputation and was a compulsive liar; and that he left Appellant's employment because he
found out Appellant had forged his name to the title transfer.
      Baker's and Rust's evidence was admissible and authorized by article 37.07, § 3(a), of the
Texas Code of Criminal Procedure.
      The only harm Appellant contends was caused by defense counsel's absence was the
deprivation of confrontation of the witnesses, a right which Appellant waived on October 4, 1996.
      We hold that the circumstances in this case did not rise to the level of deprivation of the right
to counsel. Moreover, we determine beyond a reasonable doubt, that the circumstances, if
constituting error, did not contribute to the conviction or punishment of Appellant. Tex. R. Crim.
Proc. 44.2(a).
      Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 4, 1998
Do not publish